PER CURIAM.
Kathryn M. Stowell petitioned for dissolution of her marriage to Warren D. Sto-well, and requested an award of reasonable alimony, child support, attorney’s fees (temporary and permanent) and court costs. After the temporary support hearing, the trial court ordered the husband to pay $14,058.49 in temporary attorney’s fees, of which $1,350 would go directly to the wife, and ordered payment of all other arrearages, including a past due mortgage payment. The court also directed the husband to make child support and temporary alimony payments in the sum of $5,765 per month. The husband appeals only the award of temporary attorney’s fees. We affirm.
The wife graduated from a two year university in 1972, but has not received a degree. She is employed as a paraprofessional at an elementary school. At the time she petitioned for divorce, her gross monthly income was $657.98 (net $569.02). She took a second job, sold her fur coat, gold necklace and gold bracelet to increase her income.
In contrast, the husband’s gross monthly income from previous employment was $13,750 per month. He is currently the president and C.E.O. of a health maintenance organization and grosses $130,000 per year ($10,833 gross income per month). The husband testified that he has deductions for taxes and FICA of $4,000 a month and that after paying the court-ordered support, his net monthly income is $1,030 before his personal expenses. He also testified that he has been running a net shortfall of $3,500 to $4,000 per month and that he has no individual funds, bank accounts, stocks, bonds, securities or debentures that could be liquidated into cash. Nevertheless, at one point during the dissolution proceedings, for a period of two and a half months, the husband collected paychecks from both his previous and current employers, giving him a gross yearly income of $295,000. The husband also owns jewelry which he claims is worth $6,500 if sold, as well as a 1991 Corvette on which he owes $38,584 and pays $728.00 monthly. He has access to his girlfriend’s 1987 Mercedes Benz and 1990/92 pickup truck. In contrast, the wife drives a 1983 Honda Accord which is paid for.
The wife resides in the marital home, which the parties are attempting to sell. The husband testified that he had not signed a listing agreement to sell the house because it would sell for less than he owes on the mortgage. He currently lives with his girlfriend and pays the entire rent of $850.00 per month on their three bedroom apartment.
The husband claimed that he borrowed $30,000 from his girlfriend to pay his first attorney and paid his second attorney $15,-000. The wife, on the other hand, paid her attorney $8,700, $5,000 of which came from a joint money market savings account. Over the past few months the wife has only been able to pay her attorney $200 due to lack of funds.
The husband argues that the trial court abused its discretion when it awarded temporary attorney’s fees to the wife. He claims that the evidence adduced below clearly demonstrates that he lacks the ability to pay, notwithstanding the wife’s need for the fees. He also asserts that the wife obviously did not lack resources to obtain comparable legal representation.
The purpose of section 61.16, Florida Statutes, is to ensure that both parties will have a similar ability to secure competent legal counsel. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). It is not necessary that one spouse be completely unable to pay attorney’s fees in order for the trial court to require the other spouse to pay attorney’s fees. Id. at 1205. The proper inquiry is whether one spouse has a need for suit money and the other has the ability to pay. Robbie v. Robbie, *942 591 So.2d 1006, 1009 (Fla. 4th DCA 1991). We find competent, substantial evidence to support the trial court’s findings and hold that under the Cctnakaris standard, the trial court did not abuse its discretion. Accordingly, we affirm.
DELL, POLEN and GARRETT, JJ., concur.