671 So.2d 852 (1996)
Michael Phillip JONES, Appellant,
v.
Audrey Meredith JONES, Appellee.
No. 95-927.
District Court of Appeal of Florida, Fifth District.
April 12, 1996.
*853 Ann T. Frank, Naples, for Appellant.
Bruce A. Saylor of Seller, Sewell, Russ & Saylor, P.A., Leesburg, for Appellee.
THOMPSON, Judge.
Michael Phillip Jones ("the former husband") appeals post-judgment orders in this dissolution case. First, he appeals an order of civil contempt and warrant of attachment which sentenced him to 60 days in the county jail for failure to pay child support and alimony arrearages of $2,512.50. Second, he appeals the imposition of $300 for the former wife's attorney's fees for representation at the contempt hearing. We affirm.
A final judgment of dissolution was entered in 1994. The final judgment required the former husband to pay $500 each month as child support and $400 each month as permanent periodic alimony to the former wife. The former husband paid the support sporadically and, in February 1995, the former wife filed a motion for contempt to require the husband to pay $2,512.50 in arrearages. The former husband does not dispute the accuracy of the arrearage. The trial court conducted a contested hearing and found the former husband to be in contempt of court, and entered the order of civil contempt and warrant of attachment therein *854 sentencing the former husband to 60 days incarceration.
During the hearing, the former wife established that the former husband was required to pay child support and alimony, the amount he was to pay and the amount he actually paid. In so doing, she satisfied her obligation to establish that the former husband did not comply with the dissolution judgment. Bowen v. Bowen, 471 So.2d 1274, 1278 (Fla.1985). The burden then shifted to the former husband to overcome the presumption that he had the present ability to pay alimony and child support arrearages by showing that, due to circumstances beyond his control which arose after the final judgment of dissolution was entered, he no longer had the ability to meet his support obligations. Id. at 1278-1279; § 61.14(5), Fla. Stat. (1993). In this case, the husband did not appear for the hearing but he was represented by an attorney.
At the hearing, the attorney read verbatim from an affidavit prepared by the husband which detailed his income and liabilities. The affidavit, however, was never introduced at trial and was never received as evidence. Thus, the former husband presented no evidence to show his inability to pay support arrearages. For example, he could have presented pay-stubs, IRS notices, income tax statements, doctor's statements, receipts, or any other related documentation. He did not. Therefore, there was no basis upon which the trial court could have found that the husband was unable to pay. The trial court properly found the husband in contempt pursuant to the presumption in section 61.14(5), Florida Statutes (1993).
Nevertheless, the former husband argues that the trial court was required to articulate a separate, affirmative finding that he had the current ability to pay the support arrearages prior to the imposition of incarceration. In Bowen, the Florida Supreme Court stated:
Once the court finds that a civil contempt has occurred, it must determine what alternatives are appropriate to obtain compliance with the court order. If incarceration is deemed appropriate, the court must make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order. In determining whether the contemnor possesses the ability to pay the purge amount, the trial court is not limited to the amount of cash immediately available to the contemnor; rather, the court may look to all assets from which the amount might be obtained.
471 So.2d at 1279. The former husband argues there was no evidence of his present ability to pay the purge provision before the trial court. He argues that the trial court was aware that his family was providing him with a home to live in, a job and that his family had paid some of his alimony and child support payments. He argues that a finding of the former husband's present ability to pay the purge amount was essential since gifts or the ability to obtain gifts from his family could not be considered as assets. See Russell v. Russell, 559 So.2d 675 (Fla. 3d DCA 1990). He argues that, without a finding of a present ability to pay the purge, incarceration was an inappropriate alternative to collect the arrearages. See Brown v. Brown, 658 So.2d 627 (Fla. 5th DCA 1995). We disagree.
In Pope v. McKee, 565 So.2d 785 (Fla. 5th DCA 1990), this court was faced with a similar problem of whether the trial court's order finding that the former husband had the ability to comply with the purge conditions was sufficient under Bowen. We held that because "the purge amount and the previously ordered child support are the same[,] ... the order of the trial court complies with the requirements of Bowen, and the judgment is affirmed." Pope, 565 So.2d at 786. In this case the trial court found that "MICHAEL PHILLIP JONES has the ability to comply with the judgment and to pay the past due alimony and support of $2,512.50." The trial court's order complied with Bowen.
We also affirm the imposition of attorney's fees in favor of the former wife. An award of attorney's fees, pursuant to section 61.16, Florida Statutes (1993), must be based on the need of the party seeking the fees and the ability of the other party to pay the fees. Absent a stipulation, this must *855 be determined at an evidentiary hearing. Antoniak v. Antoniak, 652 So.2d 943 (Fla. 5th DCA 1995); Abernethy v. Fishkin, 638 So.2d 160 (Fla. 5th DCA 1994). In this case, the trial court awarded attorney's fees after conducting an evidentiary hearing and determining that the former husband had the ability to pay. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.