717 So.2d 145 (1998)
Brian P. FREID, Appellant/Cross-Appellee,
v.
Mary FREID, Appellee/Cross-Appellant.
No. 98-118.
District Court of Appeal of Florida, Fifth District.
September 11, 1998.
Barbara Nolte of Giles & Robinson, P.A., Orlando, for Appellant/Cross-Appellee.
Sharon Lee Stedman of Sharon Lee Stedman, P.A., and Stanton L. Cobb, of Stanton L. Cobb, P.A., Orlando, for Appellee/Cross-Appellant.
PER CURIAM.
Because the trial court used the wrong basis in determining the issue of temporary attorney's fees, we reverse.[1]
REVERSED and REMANDED for further action consistent with this opinion.
GOSHORN, J., concurs.
W. SHARP, J., concurs and concurs specially, with opinion.
HARRIS, J., concurs and concurs specially, with opinion.
W. SHARP, Judge, concurring specially.
I agree that this case must be reversed and remanded for further consideration because the trial court used the wrong basis for making an award of temporary attorney fees. This case commenced three years ago and the husband and wife, of modest means, have incurred $30,000 and $98,700, respectively, in attorneys fees without having gone to trial. Hence, I write to review the appropriate standard for making such an award, so that further delay in this case will not ensue.
Temporary attorneys fees are to be awarded on the same basis and criteria as are attorneys fees awarded at the conclusion of the case. § 61.16; Nichols v. Nichols, 519 So.2d 620 (Fla.1988). The inquiry made by the lower court and the standard applied are exactly the same in either situation. Nichols. The purpose of an attorney fee award is to ensure that both parties have similar ability to seek competent counsel. Stowell v. Stowell, 604 So.2d 940 (Fla. 4th DCA 1992). The parties should be put on nearly equal footing to pay for adequate legal representation and costs. Nichols; Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The only standard for making such an award in a dissolution of marriage case is the need of the party requesting the fees, and the financial ability of the other party to pay. Rausch v. Rausch, 680 So.2d 624 (Fla. 5th DCA 1996); Jones v. Jones, 671 So.2d 852 (Fla. 5th DCA 1996). The hidden notion in the language of § 61.16 that the court is to consider the "financial resources of both parties," is that the party requesting the award must show that he or she has the financial need for such an award, and that the other party has the ability to pay it. Satter v. Satter, 709 So.2d 617 (Fla. 4th DCA 1998).
In considering the financial resources of the parties, the court should look to the financial resources available to each party without either party having to look beyond the resources under his or her individual control. Azzarelli v. Pupello, 555 So.2d 1276, 1277 (Fla. 2d DCA 1989). A court should not, for example, consider parties' family assets (or assets of a new spouse, for that matter) in making a determination of financial need or ability to pay. Id; Diaco v. Diaco, 363 So.2d 183 (Fla. 2d DCA 1978).
Within the parameters of the parties' need and ability to pay, the trial court has broad discretion in making an award of attorney fees. Seward v. Seward, 676 So.2d 49 (Fla. 5th DCA 1996). But the court is required to make findings on each issue: the need of the requesting spouse and the ability to pay on the part of the other spouse. Abernethy v. *146 Fishkin, 638 So.2d 160 (Fla. 5th DCA 1994). See also Firestone v. Firestone, 704 So.2d 1146 (Fla. 4th DCA 1998); Grizzard v. Grizzard, 693 So.2d 705 (Fla. 2d DCA 1997)(must be finding that receiving party is in need of assistance to balance the parties abilities to obtain legal counsel).
These findings are necessary for an appellate court to meaningfully review an attorney fee award should an appeal be filed. Failure to make these findings requires a reversal and remand to the lower court. Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992); Schwebke v. Schwebke, 347 So.2d 645 (Fla. 3d DCA 1977). Remands to the trial court due to lack of findings are a waste of judicial time and effort, as well as a waste of money for the state and the respective parties.
In this case, the trial court should swiftly deal with this issue and this entire case before the parties are bankrupted by this litigation.
HARRIS, Judge, concurring specially.
The trial court granted temporary attorney's fees in this never ending divorce. I agree we should reverse.
This 1995 dissolution case should have been pushed to resolution long before now. The wife has admittedly incurred to date a large obligation, over $98,700 in attorney's fees, paralegal fees and costs, in this litigation that has not yet reached trial. And the basis for the court's order for temporary fees is not that the husband has the ability to pay.[1] Indeed, the husband was given over three years at $500 per month to pay the court ordered $20,000 in temporary attorney's fees.[2] The court instead seems to have based the award on the fact that the husband does not have to pay his own attorney's fees.
The husband is covered by a pre-paid legal fees insurance policy. The court said:
So I believe what Rosen v. Rosen is saying is that in making its decision on attorney's fees, the Court is not limited to the party's ability to pay and the other party's needs, but the court may take into consideration other factors. And by the language of Rosen v. Rosen, I don't think they necessarily limited these factors to the ones that they listed in the case.
And because this case is unique, in the sense that Mr. Freid does not have to pay his own attorney's fees, except for taxes on those fees, and since, as I understand it, Mr. Friedman, you have billed out approximately $30,000?
MR. FRIEDMAN: That hasn't been billed out yet. The plan says I'm supposed to bill at the end of the litigation, although I'm gathering my bills together, but that's a fair estimate.
THE COURT: Then what the court is going to do is I'm going to take two-thirds of that amount or $20,000 and rule that is the amount Mr. Freid is going to pay in temporary fees to Mrs. Freid. I'm going to rule that this amount is only a fraction of what she has already incurred in attorney's fees which, as I understand it, are close to $90,000. But I think that is the only fair way to handle this case.
Thus, even though the court mentioned a disparity of income in its order, the actual basis for its ruling appears in the record. That basis is totally inappropriate. The only proper consideration of the fact that the husband has pre-paid legal service insurance is (1) if it encourages the husband to run up the wife's attorney's fees because he has nothing to lose, or (2) to the extent that the husband's relief from paying his own attorney's *147 fees may affect his ability to pay the legitimate needs of his wife. Since the court made no finding that the husband improperly conducted himself so as to increase the wife's expenses, then the only proper basis for the assessment of attorney's fees would be the tried and true "ability and needs" test. And even though the court gave lip service to a disparity of income in its order, it made no finding that even with the higher income, the husband had the ability to pay the amount ordered. And the amount ordered was not even based on the demonstrated needs of the wife but rather on some arbitrary percentage of the amount of the husband's fees paid by insurance. This award simply cannot stand.
NOTES
[1] This ruling renders moot the wife's cross appeal challenging the court's extended payment schedule.
[1] The concept of temporary attorney's fees assumes that the party having the greater ability to pay attorney's fees will advance funds so that the other party can also obtain competent counsel. Creating a deferred obligation for one spouse to pay the other spouse's temporary attorney's fees before all the facts are known may not only lead to a bad result (once the facts are established), it also appears to be an ineffective method of solving the problem. It means only that the receiving spouse's potential lawyer must rely on the adverse client's credit instead of his own client's. Many lawyers will not consider this credit arrangement an appropriate retainer.
[2] I note that although this case, not involving persons of great wealth, has been pending pre trial since 1995, resulting in already astonishing attorney's fees and costs, the court has stayed all further proceedings in the matter until the fees are paid and has given the husband three and a half years to pay them. The COURT should consider pushing this matter to trial.