PER CURIAM.
We reverse the award of attorney’s fees to the wife. Prior to the final judgment hearing the wife had not requested attorney’s fees in her pleading or by motion. At the final hearing she requested fees based upon the husband’s excessive litigation. The court stated that it would determine the issue separately and requested the parties submit their requests in writing. Apparently, the wife’s attorney wrote the court a letter requesting fees, but the letter was not received by the husband’s counsel. The final judgment was entered together with an order granting entitlement with amount to be determined later. Despite the husband’s protest that he had not been given notice or an opportunity to respond to the request, a successor judge *657 denied relief and awarded the wife $8,195 in attorney’s fees.
The husband was entitled to an opportunity to challenge the wife’s request for attorney’s fees at a hearing. See McIlveen v. McIlveen, 644 So.2d 612 (Fla. 2d DCA 1994); Hilson v. Hilson, 127 So.2d 126 (Fla. 3d DCA 1961). This is a basic element of due process. In addition, the trial court was required to make findings regarding the wife’s entitlement to fees, particularly in this type of case where the wife is in a financially superior position to the husband who has been ordered to pay her fees. See Barber v. Goodwin, 880 So.2d 712 (Fla. 2d DCA 2004); Baime v. Baime, 850 So.2d 606 (Fla. 4th DCA 2003).
Reversed and remanded for a hearing on the wife’s request for attorney’s fees.
STONE, WARNER, JJ., and BRYAN, BEN L., JR., Associate Judge, concur.