913 So.2d 688 (2005)
Gus SOTERAKIS, Appellant/Cross-Appellee,
v.
Jacqueline SOTERAKIS, Appellee/Cross-Appellant.
No. 5D04-2880.
District Court of Appeal of Florida, Fifth District.
September 30, 2005.
Rehearing Denied November 7, 2005.
*689 Hans Charles Feige, Palm Coast, and Dawn D. Nichols of Nichols & Ahmed, P.A., Daytona Beach, for Appellant/Cross-Appellee.
Theodore R. Doran, Michael G. Dyer and Audrie M. Harris of Doran, Wolfe, Rost, Ansay, Kundid & Dyer, Daytona Beach, for Appellee/Cross-Appellant.
NELSON, D., Associate Judge.
In this dissolution of marriage proceeding, both Gus Soterakis ("former husband") and Jacqueline Soterakis ("former wife") raise several issues on appeal and cross appeal, only three of which merit discussionwhether the trial court abused its discretion in declining to award the former Wife one-half of the passive income generated by the assets from the date of separation through the date of distribution; and former husband's motion to review the November 3, 2004 and December post-judgment orders.
The parties were married in New York in 1984 and separated subsequent to their relocation to Florida in 2001. No children were born of the marriage. Former wife did not seek support payments for herself other than temporary payment prior to the dissolution and additional payments during the pendency of this appeal. Neither party was employed or earning an income at the time of separation. Former wife moved to the state of Washington and former husband remained in the marital home. It was a second marriage for both parties. There is no dispute that former husband came into the marriage with a substantially greater amount of net assets than did former wife. The former husband had an active assets account prior to the marriage which was closed in 1987. All of former husband's original account funds were thereafter deposited into a new jointly titled active assets account. This account was maintained throughout the course of the marriage in joint title. Both parties deposited all of their joint and individual funds into the active assets account irrespective of their original source or marital character. For instance, proceeds from the sale of former husband's insurance business went into the account as did proceeds from the sale of two pieces of real estate owned by the parties as tenants by the entireties, a personal injury award received by the former wife, and a monetary gift to the former wife by her mother. The active assets account was used by the parties to pay marital expenses.
Relevant to this opinion, the trial court established the date of valuation for the Morgan Stanley Asset Account and the Morgan Stanley IRA Account to be the date of separation.
Former wife argues that the failure to include the passive income plus appreciation generated by these accounts, from the date of separation through the date of distribution, was an abuse of discretion. We agree. To value the Morgan Stanley Accounts as of the date of separation rewarded the former husband with the full market appreciation of the assets between the date of separation and the date of distribution, while it deprived the former wife of the appreciation of her interest in those assets. Jahnke v. Jahnke, 804 So.2d 513, 516 (Fla. 3d DCA 2001). The former wife is entitled to one-half of the appreciation and income earned from the Morgan Stanley Accounts from the date of separation through the date of distribution. *690 Therefore, we reverse the asset distribution portion of the final judgment and remand this cause with instructions that the trial court conduct a hearing on the passive assets generated by the Morgan Stanley Asset Account and the Morgan Stanley IRA Account, and distribute said assets accordingly. In all other respects, the final judgment of dissolution of marriage is affirmed.
Next, as a result of post-judgment motions, the former husband filed a motion to review the November 3, 2004 order finding him in contempt. Because no transcript exists of the hearing at which the contempt was considered, our review is limited to the pleadings, the November 3, 2004 order, and other matters contained in the record. The former husband has the burden of demonstrating error. In the absence of an adequate transcript on appeal, an order that is not fundamentally erroneous must be affirmed. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). The former husband has failed to comply with Florida Rule of Appellate Procedure 9.200(b)(4), which governs the preparation of a statement of proceedings when no transcript of the proceeding is available. Therefore, the November 3, 2004 order is affirmed.
Finally, the former husband filed a motion to review the December 15, 2004 order assessing attorney's fees and costs. It is undisputed that the attorney's fees order was entered against the former husband without a hearing. Absent stipulation, an award of attorney's fees in a dissolution proceeding must be determined at an evidentiary hearing. Jones v. Jones, 671 So.2d 852 (Fla. 5th DCA 1996); Vick v. Vick, 675 So.2d 714 (Fla. 5th DCA 1996). Therefore, the December 15, 2004 order is reversed and remanded with instructions to the trial court to conduct a hearing on attorney's fees and costs.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
THOMPSON and PALMER, JJ., concur.