LAWSON, J.
Tonya Watson appeals the Florida Commission on Human Relations’ dismissal of her employment discrimination complaint against the Brevard County Clerk of Courts. The Commission’s initial investigation resulted in a finding of no reasonable cause to believe that an unlawful employment practice had occurred, and notice to Watson that she could challenge the *1265 finding by timely petitioning for an administrative hearing. The notice expressly stated that Watson had to file her petition within 35 days. Watson admits that she did not file until after expiration of the 35-day deadline, but argues that: (1) the untimely petition should have been accepted for equitable reasons, because it was only one day late and someone on the Commission’s staff verbally informed her that she could file the petition late; or, alternatively, (2) she should have been granted additional time for filing because the Commission’s decision was mailed to her, and Florida Administrative Code Rule 28-106.103 allows an additional five days to the normal response time when responding to a mailed document. We reject both arguments, and affirm the Commission’s dismissal order.
EQUITABLE ARGUMENT
With respect to her equitable argument, Watson is correct that the statutory deadline[1] for requesting an administrative hearing is not jurisdictional. Machules v. Dep't of Admin., 523 So.2d 1132 (Fla.1988). Therefore, the doctrine of equitable tolling can be applied to extend an administrative filing deadline. Id. “Generally, the tolling doctrine has been applied when the plaintiff has been mislead or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum.” Id. at 1134. None of these circumstances are applicable here.
In support of her equitable tolling argument, Watson confusingly claims that the Commission’s staff told her that her petition’s “due date” was September 12, 2005, but instructed her to file it September 13, 2005. These assertions are made in Watson’s brief on appeal. The facts were not argued to the Commission, and nothing in the record evidences what is alleged to have transpired in the conversation between Watson and the unnamed Commission staff member.
Additionally, it is not clear from her brief that this conversation even occurred before Watson missed the filing deadline. Rather, the brief reads as if the conversation actually took place on September 13, after the filing deadline, and that staff simply told Watson to go ahead and fax in the belated petition. In any event, Watson does not allege to have been lulled into filing the petition late based upon misadvice from the Commission’s staff; to the contrary Watson alleges that staff verbally told her the correct “due date.” Therefore, Watson has alleged nothing that would excuse her from following the clear, written directive contained within the Commission’s notice of determination. Not only did the document explain that any request for hearing had to be filed “within 35 days of the date of this NOTICE,” (emphasis in original) it also explained that: “If the Complainant fails to request an administrative hearing within 35 days of the date of this notice, the administrative claim ... will be dismissed with prejudice ... and the claim will be barred.” Setting aside the difficulty of addressing Watson’s claim without a record,[2] because the facts recited in Watson’s brief are insufficient to warrant relief based on the plain language of the notice, the doctrine of equitable tolling is not applicable.
*1266 FIYE-DAY EXTENSION ARGUMENT
With respect to Watson’s five-day-extension argument, the administrative rule cited by Watson in some circumstances provides that five days is to be “added to the time limits [relating to actions under the Administrative Procedures Act] when service has been made by U.S. mail.” Fla. Admin. Code R. 28-106.103. However, the rule also contains express exceptions, including a provision that: “No additional time shall be added ... when the period of time begins pursuant to a type of notice described in Rule 28-106.111.” Rule 28-106.111 addresses notices to “persons seeking a hearing on an agency decision which does or may determine their substantial interests.” Therefore, by the express terms of the rule relied upon by Watson, the five-day extension did not apply to her petition. See, e.g., Cann v. Dep’t of Children and Family Services, 813 So.2d 237 (Fla. 2d DCA 2002) (noting that the five-day mailing extension provided under Florida Administrative Code Rule 28-106.103 did not apply where the agency notice required a response within a specific time period); cf. Bell v. U.S.B. Acquisition Co., 734 So.2d 403 (Fla.1999) (noting that the five-day mailing extension under Florida Rule of Appellate Procedure 9.420(d) does not apply when an act is required to be done after rendition or filing of an order); Horvath v. Horvath, 893 So.2d 649 (Fla. 4th DCA 2005) (noting same under Florida Rule of Civil Procedure 1.090(e)).
Finding no merit to either of Watson’s arguments, we affirm the dismissal of her complaint.
AFFIRMED.
PLEUS, C.J., and GRIFFIN, J., concur.

. See section 760.11(7), Florida Statutes (2005).

. We note that in the absence of an adequate record on appeal, an order that is not fundamentally erroneous must be affirmed. E.g., Soterakis v. Soterakis, 913 So.2d 688 (Fla. 5th DCA 2005).