SHEPHERD, J.
Before their deaths, Peter P. Basalyga, the Former Husband, and Geneva M. Ba-salyga, the Former Wife, appealed multiple orders arising out of their pending dissolution proceedings. Although both parties are now deceased, it remains necessary for us to dispose of the issues raised.
On his appeal, the Former Husband claimed the trial court abused its discretion or erred as a matter of law by invalidating the parties’ prenuptial agreement. Upon careful review of the record, we find that the trial court committed no error of law and that there is substantial competent evidence in the record to support the trial court’s decision to invalidate the prenuptial agreement. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). On the same basis, we conclude the trial court committed no error of law and did not abuse its discretion on any of the multiple property distribution decisions contested by the parties either on the direct appeal or the cross-appeal. Id. Accordingly, on the merits issues raised on the appeal and cross-appeal, we affirm in all respects.
At the same time, the trial court reversibly erred in awarding attorney fees to the Former Wife for the services of her trial counsel. Although a trial court may consider many factors in granting statutory attorney fees to a litigant under section 61.16 of Florida’s dissolution statutes, the “primary factor” the trial court must consider is the party’s financial resources. Rosen v. Rosen, 696 So.2d 697, 700 (Fla. 1997). The relevant context in which to make this judgment “is after the dissolution proceeding has concluded, based upon the financial circumstances in which it has left the parties.” Kelly v. Kelly, 925 So.2d 364, 368-69 (Fla. 5th DCA 2006).
In this “golden years” marriage gone awry, the Former Wife claimed a net worth of $851,377 at the outset of the proceeding, and the Former Husband $2,075,433. After invalidating the prenuptial agreement, in the amended final judgment, the trial court equitably distributed approximately $1.3 million to each party. For her part, the Former Wife received a half-interest in the couple’s Sevilla home, with an option to acquire the complete interest in exchange for $320,000 in cash or stock. After electing this option, the Former Wife possessed approximately $790,000 in real estate, $188,000 in *253 cash, and $350,000 in securities. Neither party received alimony. Although the Former Wife had no net income, the Former Husband’s was substantially consumed by incipient nursing home expenses.
The amended final judgment placed the Former Husband and the Former Wife on “nearly equal footing” for the purpose of paying fees. Freid, v. Freid, 717 So.2d 145, 145 (Fla. 5th DCA 1998) (Sharp, J., specially concurring). Neither party was disproportionately hindered in the type of representation available to each to resolve the contested issues between them. See Rosen, 696 So.2d at 699 (“A significant purpose of [section 61.16 of the Florida Statutes] is to assure that one party is not limited in the type of representation he or she would receive because that party’s financial position is so inferior to that of the other party.” (citing Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 835 (Fla. 1990))). For this reason, we conclude the trial court breached its discretion by awarding fees to the Former Wife.
Affirmed in part, reversed in part, and case remanded with directions to the trial court to pretermit the fee award to the Former Wife.