ROWE, J.
The appellant, Riverwood Nursing Center, LLC, d/b/a Glenwood Nursing Center (Glenwood), appeals a final order from the Agency for Health Care Administration (AHCA), dismissing Glenwood’s request for an administrative hearing pursuant to sections 120.569 and 120.57, Florida Statutes (2010), as untimely. Glenwood asserts that AHCA erred by dismissing its request on two grounds: (1) Glenwood’s hearing request was not untimely because the filing deadline was equitably tolled; and (2) Glenwood’s hearing request merely amended, or related back to, an earlier request. For the reasons that follow, we affirm.

Facts and Procedural History

Glenwood is a nursing home that elected to participate in the Medicare and Medicaid programs subject to regulation by AHCA and the United States Department of Health and Human Services, Centers for Medicare and Medicaid Services (CMS). AHCA is the state agency charged with administering the Florida Medicaid program and licensure and regulation of nursing homes in Florida. As part of AHCA’s regulatory function, it conducts on-site surveys and inspections, and it investigates complaints at nursing homes to determine compliance with Florida laws governing nursing home operation, maintenance, patient care, and state regulations. AHCA also conducts these surveys on behalf of CMS to report compliance with federal laws and regulations governing nursing homes. At the conclusion of the survey, AHCA prepares a re *909 port, called a “statement of deficiencies,” which identifies any violations of state law, and federal Medicare/Medicaid laws, observed by the AHCA surveyor. Every violation, or deficiency, is identified in a statement of deficiencies that references the statute or regulation violated, followed by AHCA’s factual findings supporting the reported deficiency. AHCA reports the results of the survey to both CMS and the subject nursing home and requests that the nursing home respond with a plan of correction to remedy the statements of deficiencies — whether based on state or federal law.
AHCA conducted a survey of Glenwood beginning February 5, 2010. On February 12, 2010, AHCA produced two statements of deficiencies concerning Glenwood: one for AHCA to declare deficiencies arising from state law violations and another for CMS to declare deficiencies arising from federal law violations. On February 16, 2010, CMS sent Glenwood an Imposition Notice of Immediate Jeopardy because Glenwood was not in substantial compliance with the federal Medicare/Medicaid participating requirements. The CMS notice listed the remedies sought and imposed fines, and provided that if Glenwood wished to appeal, it was required to file a written request for hearing within 60 days of receipt of the notice. A copy of the CMS notice was sent to the Florida “State Survey Agency,” which is AHCA.
On April 16, 2010, Glenwood sent CMS a letter requesting a hearing and disputing several federal deficiencies. The letter also stated that Glenwood was disputing the state law deficiencies. Glenwood copied an AHCA field office manager on its letter to CMS, but did not provide a copy to the AHCA agency clerk.
On May 21, 2010, AHCA filed an administrative complaint against Glenwood citing the nursing home with deficiencies relating to the February 5, 2010, survey, seeking the revocation of its nursing home license, and imposing conditions, fines, and fees. AHCA e-mailed a copy of the administrative complaint to the law firm of Glen-wood’s counsel. AHCA served the Glen-wood facility by certified mail on May 24, 2010. Attached to the complaint was an Election of Rights form expressly stating that Glenwood was required to file a written request for hearing within 21 days of receipt of the complaint, making the deadline June 14,2010.
However, Glenwood did not file the request for hearing before the June 14, 2010, deadline. Instead, on June 15, 2010, with knowledge that the deadline had expired, Glenwood’s counsel contacted AHCA’s counsel of record, who agreed to accept the belated request for hearing no later than June 18, 2010. Later that day, Glen-wood’s counsel contacted the AHCA agency clerk and asked the clerk to “hold up on any action on this case” since he had “spoken to [AHCA’s counsel] about an extension for the request for hearing.” Glen-wood’s counsel then filed the request for hearing on the afternoon of June 15, 2010.
On June 18, 2010, AHCA issued an order of dismissal without prejudice determining that Glenwood’s request for hearing was untimely, but permitting Glenwood to file an amended hearing request to explain why its untimely hearing request should be accepted as timely. On July 2, 2010, Glenwood filed a response to the order, requesting leave to amend and resubmit its hearing request. In the response, Glenwood asserted that (1) its June 15, 2010, request for hearing should be accepted as timely because the representation by AHCA’s general counsel that the request for hearing would be accepted through June 18, 2010, equitably tolled the filing deadline; and (2) because Glen-wood’s April 16, 2010, letter addressed to *910 CMS requesting a hearing with CMS noted that Glenwood was challenging the state law statement of deficiencies, and therefore, AHCA was on notice of Glen-wood’s challenge to the agency’s action. On July 12, 2010, AHCA issued a Final Order of Dismissal with Prejudice which (1) denied Glenwood’s request for hearing because it was untimely and because Glen-wood’s failure to submit a timely request was not subject to equitable tolling; and (2) revoked Glenwood’s license to operate a nursing home and imposed an administrative fine of $25,000. This appeal follows.

Analysis

Glenwood urges this court to reverse AHCA’s Final Order of Dismissal with Prejudice, raising two issues on appeal. First, Glenwood argues that its untimely request for hearing filed on June 15, 2010, should have been accepted by AHCA because the deadline was equitably tolled by the representation made by AHCA’s office of general counsel that AHCA would accept Glenwood’s filing after the deadline had expired. Second, Glenwood asserts that its April 16, 2010, request for hearing addressed to CMS in which it referenced it was challenging the state law statements of deficiencies should be recognized as its initial request for an administrative hearing with AHCA, and therefore, Glenwood’s June 15, 2010, request for hearing was not untimely because it was merely an amendment to, or related back to, its earlier request. For the reasons that follow, we conclude that Glenwood failed to timely and properly request a hearing under Chapter 120.
We address Glenwood’s equitable tolling argument first. The doctrine of equitable tolling has generally been applied in three circumstances: (1) when a party “has been misled or lulled into inaction,” (2) when a party “has in some extraordinary way been prevented from asserting his rights,” or (3) when a party “has timely asserted his rights mistakenly in the wrong forum.” Machules v. Dep’t of Admin., 523 So.2d 1132, 1134 (Fla.1988). None of these circumstances are present here. Glenwood has not argued that it was misled or lulled into inaction, nor has it argued that it was in some extraordinary way prevented from asserting its rights, or that it timely asserted its rights mistakenly in the wrong forum. Rather, Glenwood claims the deadline for filing its request for hearing should have been equitably tolled because of the representations by AHCA’s counsel that Glenwood’s late filing would be accepted by the agency after the filing deadline had already expired. However, Glenwood admits that it was aware of the June 14, 2010, filing deadline and does not allege that any representative of AHCA extended the deadline by agreement before the deadline expired.
Citing Foley v. Dep’t of Health, 839 So.2d 828 (Fla. 4th DCA 2003), in support of its equitable tolling argument, Glenwood asserts that it detrimentally relied on the representations made by AHCA’s counsel that the agency would agree to accept Glenwood’s request after the filing deadline and argues that AHCA should not be allowed to disavow its agreement. In Foley, the appellant’s Election of Rights form was received after the filing deadline and the department filed a motion for default in the case. Id. at 828. An attorney for the department then agreed to withdraw the motion, but afterwards, the department entered a final order without providing Foley a hearing or notice because of Foley’s untimely filing of his Elections of Rights form. Id. In Foley, the department “confesse[d] error” and acknowledged that it was equitably estopped from entering the order because, based on the attorney’s representations, the appellant detrimentally relied and took no action *911 after filing the Election of Rights form. Id. at 828-29. The Fourth District reversed and remanded the matter "with instruction to the department to conduct a formal administrative hearing. Id. at 829.
AHCA argues that the facts in this case are more analogous to the circumstances in Watson v. Brevard County Clerk of the Circuit Court, 937 So.2d 1264 (Fla. 5th DCA 2006). There, the Fifth District held that the doctrine of equitable tolling did not apply where Watson filed a petition one day after the filing deadline, even though a commission staff member told Watson, after the filing deadline had expired, that she could fax her late petition to the court. Id. at 1265.
While Foley and Watson involve the same issue presented in this case — whether the doctrine of equitable tolling should be applied to late-filed petitions for an administrative hearing — we find the reasoning applied by the Fifth District in Watson more persuasive and a better-reasoned approach to resolving the equitable tolling issue under the facts in this case. Here, the Election of Rights form which AHCA provided to Glenwood states that the form must be returned within 21 days of receipt, and failure to do so would result in the issuance of a final order; and to obtain a formal hearing, a written petition for a request for hearing must be received by the agency clerk within 21 days, in compliance with Rule 28-106.2015, Florida Administrative Code. As in Watson, Glen-wood has alleged nothing to excuse it from following the clear, written directive contained in the Election of Rights form. We find that the doctrine of equitable tolling simply does not apply in this case.
As its second basis for seeking reversal of AHCA’s Final Order, Glenwood argues that its June 15, 2010, request for hearing was not untimely because it merely amended or related back to its earlier request for hearing. This earlier request was purportedly made in the April 16, 2010, letter addressed to CMS requesting a hearing with CMS, in which Glenwood claims that it challenged the statements of deficiencies based on violations of state law through a single sentence included in the letter which reads, “We are also disputing the state tags.” Glenwood argues that because its substantial interests were affected by AHCA’s issuance of the statements of deficiencies, and the April 16, 2010, request for hearing puts its substantial injuries at issue, it was entitled, pursuant to sections 120.560 and 120.57, Florida Statutes (2010), to an administrative hearing to resolve disputed issues of fact.
We take no position as to whether Glen-wood’s substantial interests were affected by the statement of deficiencies issued by AHCA or whether Glenwood was entitled to request an administrative hearing challenging the statement of deficiencies before AHCA filed a formal administrative complaint. See § 120.569(1), (2)(a), Fla. Stat. (2010); W. Frank Wells Nursing Home v. Agency for Health Care Admin., 979 So.2d 339, 341 (Fla. 1st DCA 2008). We need not reach that issue because we find that Glenwood’s April 16, 2010, filing with CMS was insufficient as a matter of law to invoke a right to an administrative hearing under Chapter 120. We observe that the June 15, 2010, request for hearing neither refers to the document as an amendment to an earlier request for hearing, nor makes any reference whatsoever to the April 16, 2010, request for hearing addressed to CMS. Further, although the agency is required to grant or deny a request for hearing within fifteen days of the filing of such request, see section 120.569(2)(a), Florida Statutes, the record does not reflect any effort by Glenwood to inquire with AHCA after fifteen days had passed, with no action by AHCA on the *912 purported request. More significantly, Glenwood fails to cite any authority for its argument that its letter requesting a hearing with CMS could simultaneously serve as request for administrative hearing with AHCA. Nor does Glenwood make any argument that Florida law authorizes a party to request a Chapter 120 hearing before a state agency by filing a request with a federal agency. To the contrary, Florida law unambiguously requires a party seeking an administrative hearing before a state agency to file the request with the state agency itself. § 120.569(2)(a), Fla. Stat. (2010).
Second, assuming arguendo, that a request for hearing addressed to a federal agency, absent clear statutory authorization, could operate as a request for hearing under Chapter 120, Glenwood has failed to demonstrate that it properly filed the hearing request with the agency clerk as required by law. See Fla. Admin. Code R. 28-106.104(1). Glenwood argues that by providing an AHCA field office manager with a copy of the April 16, 2010, hearing request addressed to CMS, Glenwood complied with the filing requirements necessary to entitle it to an administrative hearing before AHCA. But, again, Glenwood fails to provide authority for its argument that by sending a copy of the CMS letter to AHCA’s field office manager, it satisfied the filing requirements under Florida law to request an administrative hearing. Indeed, Glenwood’s argument is contrary to the clear language of Rule 28-106.104(1), Florida Administrative Code, which provides, “filing shall mean received by the office of the agency clerk during normal business hours or by the presiding officer during the course of a hearing.” (Emphasis added.) Thus, in order to properly request an administrative hearing with AHCA, Glenwood was required to file the request with the AHCA agency clerk. Because Glenwood never provided a copy of the April 16, 2010, letter to CMS to the AHCA agency clerk, it was not properly filed.
Finding no merit to Glenwood’s arguments, we affirm AHCA’s Final Order of Dismissal with Prejudice.
AFFIRMED.
WEBSTER and WETHERELL, JJ., concur.