LEWIS, J.
Thomas Giovanini (“Former Husband”) appeals the trial court’s order denying the Former Husband’s motions for relief filed pursuant to Florida Rule of Civil Procedure 1.540(b) and challenges the trial court’s order awarding Donna Giovanini (“Former Wife”) temporary appellate attorney’s fees to defend the appeal pursuant to section 61.16(1), Florida Statutes (2011). We affirm the trial court’s order denying the Former Husband’s motions filed pursuant to rule 1.540(b) without further discussion. However, for the reasons that follow, we reverse the trial court’s award of temporary appellate attorney’s fees.
The Former Husband filed several motions pursuant to rule 1.540(b) requesting relief from the trial court’s Order Calculating Former Spouse’s Share of Military Retirement Pay and the trial court’s Order on Judgment and Arrears, which the trial court denied. During the pendency of the Former Husband’s appeal, the Former Wife filed a motion for temporary appellate attorney’s fees in the trial court alleging that the Former Husband had the ability to pay her temporary appellate attorney’s fees and that she needed such assistance. The Former Wife further alleged that her counsel estimated that it would take twenty hours to defend the appeal at a rate of $250.00 per hour. Subsequently, the trial court entered an order directing the Former Wife to prepare a memorandum of law addressing the Former Wife’s legal entitlement to an award of temporary appellate attorney’s fees and directed the Former Husband to file a response to the memorandum of law. The trial court indicated that upon consideration of the arguments presented by the parties, it would then determine whether the Former Wife was entitled to an award and, if so, it would set the matter for a hearing. However, after the parties filed their respective memoranda in support of and in opposition to the Former Wife’s motion, the trial court, in lieu of a hearing, entered an order granting the Former Wife’s motion. The trial court found that the Former Husband had the ability to pay the Former Wife’s temporary appellate attorney’s fees, the Former Wife needed such assistance, and that twenty hours at a rate of $250.00 per hour was a reasonable estimate of the time needed to defend the appeal. Consequently, the trial court ordered the Former Husband to pay the Former Wife $5,000. On appeal, the Former Husband filed a motion pursuant to Florida Rule of Appellate Procedure 9.600(e)(3) requesting review of the trial court’s order awarding the Former Wife temporary appellate attorney’s fees. The Former Husband argues, among other things, that the trial court reversibly erred *282 in awarding the Former Wife temporary appellate attorney’s fees without conducting a hearing on the motion.
A trial court’s award ' of attorney’s fees is reviewed for an abuse of discretion. Campbell v. Campbell, 46 So.3d 1221, 1222 (Fla. 4th DCA 2010). An award of attorney’s fees pursuant to section 61.16 must be based on the need of the party seeking the fees and the ability of the other party to pay the fees. Jones v. Jones, 671 So.2d 852, 855 (Fla. 5th DCA 1996). The trial court must also make specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors. Davis v. Davis, 613 So.2d 147, 148 (Fla. 1st DCA 1993). “[T]he party seeking fees must prove with evidence the reasonableness and the necessity of the fee sought.” Baker v. Baker, 35 So.3d 76, 77 (Fla. 2d DCA 2010) (quoting Chhouri v. Chhouri, 2 So.3d 987, 988 (Fla. 2d DCA 2008)). “Absent a stipulation, this must be determined at an evi-dentiary hearing.” Jones, 671 So.2d at 855. This is a basic element of due process. Matlack v. Matlack, 893 So.2d 656, 657 (Fla. 4th DCA 2005).
Here, the trial court, in the order under review, should not have determined the amount of the fee award when the trial court expressly provided in its prior order that it would set the matter for a hearing if it determined that the Former Wife was entitled to an award. McIlveen v. McIlveen, 644 So.2d 612, 612 (Fla. 2d DCA 1994). Moreover, absent a stipulation by the parties, the reasonableness and the necessity of the fee sought should have been determined at a hearing.
Accordingly, we affirm the trial court’s order denying the Former Husband’s motions filed pursuant to rule 1.540(b) and we reverse the award of temporary appellate attorney’s fees.
AFFIRMED in part, and REVERSED in part.
VAN NORTWICK and SWANSON, JJ., concur.