PALMER, J.
Gregory Williams appeals the final order, entered by the trial court dismissing, with prejudice, his claim against the Department of Corrections (DOC) for damages under Florida’s Civil Rights Act (FCRA)[1]. Determining that Williams’ claim against DOC was time barred, we affirm.
Williams filed a complaint against DOC alleging a violation of FCRA. Specifically, Williams alleged that race was a factor in DOC’s decision to accuse him of misconduct in his official capacity as an assistant warden at a state prison, and to terminate his employment. DOC filed a motion to dismiss, alleging that Williams’ pleading, on its face, demonstrated that he had failed to timely exhaust his administrative remedies prior to filing his lawsuit and, therefore, the trial court lacked jurisdiction over the matter. The trial court dismissed Williams’ complaint, with prejudice.
Williams appeals, arguing that the trial court reversibly erred in dismissing his complaint. We reject this argument because Williams’ claim was time barred, as a matter of law.
Before seeking relief in the trial court, a state employee claiming discrimination in the workplace must first timely exhaust his administrative remedies. § 760.11, Fla. Stat (2011). For example, an employee must first file an administrative complaint (also known as a charge of discrimination) with either the Florida Commission on Human Relations (FCHR) or the Equal Employment Opportunity Commission (EEOC) within 365 days of an alleged violation. See Sunbeam Television Corp. v. Mitzel, 83 So.3d 865 (Fla. 3d DCA 2012); § 760.11, Fla. Stat. (2011).
The allegations in his complaint establish that Williams did not timely exhaust his administrative remedies before he filed suit since he did not file an administrative complaint within 365 days of his termination from employment. Instead, Williams filed an administrative complaint with the EEOC more than four years after the date of his firing and after he filed his lawsuit. Once filed, the EEOC summarily dismissed Williams’ administrative complaint on the ground that the filing was untimely. Williams thereafter continued to pursue his pending FCRA lawsuit. DOC sought dismissal of the lawsuit, arguing that the trial court lacked jurisdiction to review the claim because Williams failed to timely exhaust his administrative remedies before filing the lawsuit. The trial court agreed with DOC and dismissed Williams’ claim for lack of jurisdiction.
Williams argues, inter alia, that the trial court erred in dismissing his claim because the 365-day statutory deadline for filing an administrative complaint was equitably tolled during the time period when Florida’s Criminal Justice Standards and Training Commission (CJSTC) was investigating DOC’s charges against him. The charges alleged that Williams engaged in unlawful and inappropriate conduct in his official capacity as a prison employee. CJSTC’s investigation began in October 2008 (immediately following Williams’ firing) and was completed in May 2012. Williams maintains that his March 2013 filing of his administrative complaint with the EEOC was timely because it was within 365 days of the completion of CJSTC’s investigation in May 2012. We disagree.
The doctrine of equitable tolling can be applied to extend an administrative filing deadline. Watson v. Brevard Cnty. Clerk of Circuit Court, 937 So.2d 1264, 1265 (Fla. 5th DCA 2006).
*566 The tolling doctrine is used in the interests of justice to accommodate both a defendant’s right not to be called upon to defend a stale claim and a plaintiffs right to assert a meritorious claim when equitable circumstances have prevented a timely filing.
Machules v. Dep’t of Admin., 523 So.2d 1132, 1134 (Fla.1988). “Generally, the tolling doctrine has been applied when the plaintiff has been mislead or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum.” Nicks v. Dep’t of Bus. & Prof'l Regulation, 957 So.2d 65, 68 (Fla. 5th DCA 2007)(citing Machules v. Dep’t of Admin., 523 So.2d 1132, 1134 (Fla.1988)).
Williams’ complaint does not allege that Williams was misled or lulled into inaction by the DOC or that he timely asserted his rights mistakenly in the wrong forum. As such, the only basis for applying equitable tolling in this case would be a showing that Williams “ha[d] in some extraordinary way been prevented from asserting his rights”. Id.
In Williams v. Albertson’s Inc., 879 So.2d 657 (Fla. 5th DCA 2004), our court rejected an extraordinary circumstances claim raised by a plaintiff who filed her negligence complaint one day past the four-year statute of limitations, reasoning that equitable tolling was not applicable to extend the filing date since the plaintiffs lawyer made no attempt to file within the limitations period. See also Watson v. Brevard Cnty. Clerk of Circuit Court, 937 So.2d 1264 (Fla. 5th DCA 2006) (holding that the doctrine of equitable tolling did not apply to toll the 35-day deadline for filing a petition for an administrative hearing after an initial investigation of employment discrimination by the Commission on Human Relations, despite county employee’s claim that a Commission staff member instructed her to file her petition after the deadline; employee did not allege that the flawed advice lulled her into filing a late petition and employee was in receipt of a clear, written deadline in the Commission’s notice of determination).
Here, Williams alleged that the extraordinary way he was prevented from timely asserting his administrative rights was that, had he filed an administrative complaint prior to the completion of CJSTC’s investigation, he may have placed himself at risk of self-incrimination. The complaint does not affirmatively allege that Williams’ right to avoid self-incrimination would have been violated had he filed a timely administrative complaint, but instead, the complaint merely alleges the possibility of same. Such a tentative rights claim does not rise to an equitable circumstance that prevented Williams from filing a timely administrative complaint since Williams could have filed his administrative complaint timely and then moved to stay the proceedings if and when an actual self-incrimination issue arose. As such, we reject Williams’ equitable tolling claim. Cf. Middleton v. Silverman, 430 So.2d 981 (Fla. 3d DCA 1983).
In a related claim, Williams argues that the trial court erred by failing to apply the doctrine of equitable estoppel as a basis to rule his EEOC complaint was timely filed. The principle of equitable estoppel
presupposes a legal shortcoming in a party’s case that is directly attributable to the opposing party’s misconduct. The doctrine bars the wrongdoer from asserting that shortcoming and profiting from his or her own misconduct. -
Major League Baseball v. Morsani, 790 So.2d 1071, 1077 (Fla.2001). Here, Williams’ complaint does not assert that DOC engaged in any active deception or *567 misconduct that prevented Williams from timely filing an administrative complaint; therefore, the complaint failed to assert a cognizable claim for equitable estoppel. Accordingly, we also reject Williams’ equitable estoppel claim.
AFFIRMED.
ORFINGER, J., and FRIEDLAND, K, Associate Judge, concur.

. Florida's Civil Rights Act is set forth in Chapter 760 of the Florida Statutes.