# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3540
_____

KRISTOPHER A. JOYNER,

    Appellant,

    v.

CHRISTY J. WORLEY,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

January 22, 2019

PER CURIAM.

    Kristopher and Christy Worley married in 1999 but divorced six years later. The final judgment of dissolution incorporated a marital settlement agreement that provided for child-support payments. In 2012, the father petitioned to reduce child support based on his economic circumstances. The mother counter-petitioned to increase child support based on the children's increased needs. The court ultimately increased the monthly child-support obligation, found the father substantially in arrears, and ordered the father to pay for certain past medical expenses for the children. The court also awarded the mother some $140,000 in attorney's fees. The father now appeals, raising several issues.

Our review is hindered by the lack of a transcript. Some of the father's appellate arguments are facially plausible, but without a transcript we cannot determine whether many of the asserted errors were preserved for appeal and—if they were—whether they were indeed errors. *See Burkett v. Burkett*, 155 So. 3d 478 (Fla. 1st DCA 2015) ("The former husband has also raised our suspicions concerning substantive error in the decision to award attorney's fees, in the amount of attorney's fees awarded, and in the inclusion of all the attorney's fees in the income deduction order. However, we are again constrained to affirm because the former husband has represented that no transcript is available for the relevant hearing. Without a transcript, we cannot know what evidence the court heard beyond the documents that were filed in the record, and we cannot know what issues were preserved for review." (citations omitted)).* In addition, the father raises some claims that were not preserved because they were not raised in a motion for rehearing. *See Simmons v. Simmons*, 979 So. 2d 1063, 1064 (Fla. 1st DCA 2008) ("[A] party is not entitled to complain that a judgment in a martial and family law case fails to contain sufficient findings unless that party raised the omission before the trial court in a motion for rehearing.").

Nevertheless, we reverse in part. We agree with the father that the trial court erred in awarding attorney's fees and costs without first conducting a hearing and offering the father the opportunity to dispute the reasonableness of the fees claimed. *See Newman v. Newman*, 121 So. 3d 661, 662 (Fla. 1st DCA 2013); *Giovanini v. Giovanini*, 89 So. 3d 280, 282 (Fla. 1st DCA 2012) (holding that absent stipulation, the reasonableness of attorney's fees must be determined at an evidentiary hearing).

Other than as discussed above, we affirm the order on appeal.

AFFIRMED in part; REVERSED in part.

WOLF, JAY, and WINSOR, JJ., concur.

---

* We entered an order directing that the father file transcripts, if available, and supplement the record on appeal. The father's counsel subsequently reported that transcripts were not available and would not be filed.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Casey P. Waterhouse, Waterhouse Law Firm P.A., Shalimar, for Appellant.

Gillis E. Powell Jr., Powel, Powell, and Powell, Crestview, Gary L. Printy of Law Office of Gary Lee Printy, Tallahassee, for Appellee.