PER CURIAM.
Timothy J. Manko appeals the trial court's order holding him in contempt and denying his motion to abate his support obligations owed to Laurie Manko. We affirm the trial court's order save for the award of attorney's fees. We are compelled to reverse the attorney's fees award because the trial court failed to make a determination as to need and ability to pay. See Jones v. Jones, 671 So.2d 852, 854-55 (Fla. 5th DCA 1996) (reiterating that trial court must consider need and ability to pay under section 61.16, Florida Statutes, *850 in order to award attorney's fees in post-dissolution contempt proceedings); see also Hardman v. Koslowski, 107 So.3d 1246, 1248 (Fla. 1st DCA 2013) ("Because the contempt action arose in the context of a dissolution action, the trial court was required to determine need and ability to pay before imposing this monetary sanction." (citing § 61.16(2), Fla. Stat.)); Worthington v. Harty, 677 So.2d 1371, 1372 (Fla. 4th DCA 1996) ("As chapter 61 is applicable, ability to pay and need must be considered by the court before ordering payment of attorney's fees in contempt proceedings incident to enforcing orders relating to support or custody." (citing Armstrong v. Armstrong, 623 So.2d 1216, 1218 (Fla. 4th DCA 1993) )).
Accordingly, we reverse the trial court's order, in part, and remand for further proceedings.
Affirmed, in part; Reversed, in part; and Remanded.
BERGER, EDWARDS and EISNAUGLE, JJ., concur.