# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2024-2714

———————————————

TRAVIS S. MUSSER and REGINA
ANN SIDNER,

    Appellants,

    v.

WILMINGTON SAVINGS FUND
SOCIETY, FSB, as Owner Trustee
of the Residential Credit
Opportunities Trust VII-A, et
al.,

    Appellees.

———————————————

On appeal from the Circuit Court for Escambia County.
Jennifer J. Frydrychowicz, Judge.

May 6, 2026

PER CURIAM.

Appellants challenge the trial court's order granting Appellee's motion for a final summary judgment of foreclosure, reestablishment of lost note, declaratory relief, and attorney's fees. The order also reformed Appellant, Travis Musser's, loan modification agreement with Appellee's predecessor in interest to include the signature of Appellant, Regina Musser, who is Mr. Musser's wife.

We turn first to the reformation of the loan modification agreement. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). Florida courts have held that a writing should be reformed when it fails to reflect the parties' actual agreement due to either (a) a mutual mistake of the parties or (b) a unilateral mistake on the part of one party paired with inequitable conduct by the other. *See Smith v. Royal Auto. Group, Inc.*, 675 So. 2d 144, 150 (Fla. 5th DCA 1996) (citing *Providence Square Ass'n, Inc., v. Biancardi*, 507 So. 2d 1366, 1372 n.3 (Fla. 1987)).

In the proceedings below, Appellee supported its request for reformation by arguing that Mrs. Musser's signature was left off of the loan modification due to a mutual mistake. Appellants disputed that Mrs. Musser intended to sign the loan modification. Based on Appellants' arguments and the record before us, we find that this dispute was both material and genuine. We therefore find that the trial court erred in granting summary judgment on Appellee's request for reformation, and we reverse the portion of the trial court's order that reformed the loan modification agreement.

Turning next to the attorney's fees, absent a stipulation or a waiver, the reasonableness of attorney's fees must be determined at an evidentiary hearing. *See Joyner v. Worley*, 264 So. 3d 260, 261 (Fla. 1st DCA 2019) (citing *Giovanini v. Giovanini*, 89 So. 3d 280, 282 (Fla. 1st DCA 2012)). The trial court did not hold an evidentiary hearing on the fees, and the record contains no stipulation or waiver. Thus, we reverse the portion of the trial court's order that awarded attorney's fees to Appellee.

Appellants raised several other arguments challenging several other aspects of the order. We find that these arguments were all either meritless or unpreserved, and so we affirm the remainder of the trial court's order. We remand this case for further proceedings consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.

OSTERHAUS, C.J., and BILBREY and LONG, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Carrie Vaughn Cromey and Melissa Condon Onacki of Legal Services of North Florida, Pensacola, for Appellants.

Melisa Manganelli of the Law Offices of Manganelli, Leider & Savio, P.A., Boca Raton, for Appellee Wilmington Savings Fund Society, FSB, As Owner Trustee of the Residential Credit Opportunities Trust VII-A.