814 So.2d 511 (2002)
T/F SYSTEMS, INC., and T/F Purifiner, Inc., Appellants,
v.
Robert C. MALT, Appellee.
Nos. 4D01-196, 4D01-917.
District Court of Appeal of Florida, Fourth District.
April 24, 2002.
Gary E. Susser of Law Office of Gary E. Susser, Boynton Beach, for appellants.
Richard S. Tolbert, West Palm Beach, for appellee.
GROSS, J.
The main issue in this case concerns the procedures a trial court must follow when it invokes its inherent authority to award attorney's fees against a party for bad *512 faith conduct. The procedures described in the recent case of Moakley v. Smallwood, 27 Fla. L. Weekly S357, ___ So.2d ___, 2002 WL 276466 (Fla. Feb. 28, 2002), apply in such cases. Because the trial court did not give appellants an adequate opportunity to present mitigating evidence, we reverse the award of attorney's fees.
In this case, appellee, Robert Malt, owned patents to an oil reclamation device. Malt entered into an agreement with the appellant corporations to manufacture and market products under the patents. In 1997, Malt filed suit seeking both an injunction to terminate appellants' rights under the patents and damages for unpaid royalties. A March 2, 1999 final judgment denied injunctive relief, awarded damages for unpaid royalties, and required appellants to provide Malt with an accounting. Appellants did not perfect an appeal of this final judgment.
In June, 2000, Malt moved to compel payment of unpaid royalties and terminate appellants' patent rights. Malt contended that his bookkeeper's review of appellants' records uncovered additional royalties that he was owed. The bookkeeper prepared exhibit 23, a compilation of all of appellants' invoices which had been provided to Malt and a calculation of unpaid royalties from 1996 to 1998. Appellants received exhibit 23 on September 26, 2000.
Exhibit 23 was admitted into evidence over appellants' objection at an October 18, 2000 evidentiary hearing. After the document was admitted, appellants conceded that they had no way of refuting the $14,184.36 which Malt claimed he was owed. The trial court granted the motion to compel payment and observed that two issues remained: whether there was sufficient proof to terminate appellants' rights to use the patent, and whether attorney's fees should be awarded.
Appellants argued that the agreement between the parties did not provide for attorney's fees and that termination of their patent rights was not appropriate. During argument on the issue of attorney's fees, both sides accused the other of bad faith. No testimony was introduced, nor were any witnesses called. The trial court then found that appellants did not comply with the 1999 final judgment and that they intentionally delayed and refused to produce documents "in an effort not to pay the royalty portion of the court's judgment." The judge found that Malt was forced by appellants'"dilatory tactics to come back to court for another full day hearing which the defense decided at the conclusion of the plaintiff's case in chief to simply not even put on any evidence." Based on its inherent authority, the court ruled that Malt was entitled to attorney's fees. While the court was announcing its ruling, appellants' attorney unsuccessfully attempted to interrupt.
As the trial court declared a recess and was leaving the courtroom, appellants objected that the judge did not give them an opportunity to present evidence in their defense on the issue of attorney's fees. Appellants made a proffer of the testimony of three witnesses, after the trial judge had left the courtroom.
On December 13, 2000, the trial court entered a written order adopting her oral ruling. Appellants moved to recuse the judge and for rehearing on December 22, 2000. The court denied both motions. On February 23, 2001, the court awarded Malt costs and attorney's fees of $18,049.13.
We find that the trial court properly admitted exhibit 23 under section 90.956, Florida Statutes (2000), as a summary of the invoices prepared by appellants and furnished to Malt. Exhibit 23 was given to appellants three and one half weeks prior to trial. Exhibit 23 was a *513 compilation of appellants' own invoices. Under the facts of this case, three and one half weeks was sufficient time to investigate and analyze the records to determine if the summary was accurate. Mr. Malt was a "qualified witness" within the meaning of section 90.956 to present the summary at the hearing.
The motion to disqualify the trial judge was untimely. "A motion to disqualify shall be made within a reasonable time not to exceed 10 days after the discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling." Fla. R. Jud. Admin. 2.160(e). The grounds urged for disqualification arose on October 18, at the time of the court's oral ruling. Nonetheless, appellants waited until December 13, after the trial court entered its written order adverse to the appellants, to move for disqualification. The December 13 order conformed to the oral ruling. No judicial acts had occurred since October 18 which formed any other basis for recusal. The December 22 motion fell outside the 10 day time limit in rule 2.160(e). See Fischer v. Knuck, 497 So.2d 240, 243 (Fla. 1986); HIP Health Plan of Fla., Inc. v. Griffin, 757 So.2d 1272, 1273 (Fla. 4th DCA 2000).
We therefore affirm that portion of the December 13, 2000 order fixing damages.
The trial court's award of attorney's fees was not based on any statute or rule of procedure.[1] Rather, the court based its ruling on the "inherent authority of the Court." The trial court invoked the "inequitable conduct doctrine" described in Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla.1998), which "permits the award of attorney's fees where one party has exhibited egregious conduct or acted in bad faith." A court is authorized to award such fees only "[i]n very limited circumstances." Bane v. Bane, 775 So.2d 938, 941 n. 3 (Fla.2000).
Recently, in Moakley v. Smallwood, 27 Fla. L. Weekly S357, ___ So.2d ___, 2002 WL 276466 (Fla. Feb. 28, 2002), the supreme court set forth the procedures a court must follow when a trial court exercises its inherent authority to impose attorney's fees against an attorney for bad faith conduct. Although Moakley involved the imposition of fees against an attorney, the procedures described in the case are equally applicable to the assessment of fees against a party. A court's power to impose such fees derives from the same theoretical source; Moakley extended the Bitterman "inequitable conduct doctrine" to cover the situation where the court imposes a sanction against a party's attorney:
Nothing in the Court's reasoning in Bitterman, in which we acknowledged the trial court's inherent authority to award attorneys' fees under extremely narrow circumstances, limits the application of this authority to a party rather than the party's attorney.
Moakley, 27 Fla. L. Weekly at S358, ___ So.2d at ___.
*514 In Moakley, the supreme court wrote that the "inherent authority of the trial court, like the power of contempt, carries with it the obligation of restrained use and due process." Id. The "sanction is appropriate only after notice and an opportunity to be heardincluding the opportunity to present witnesses and other evidence." Id.
Appellants in this case were not given an adequate opportunity to present "witnesses and other evidence" in their defense. The trial court ruled immediately after hearing argument, without giving appellants the chance to present their witnesses in mitigation. For this reason, we reverse the award of attorney's fees and remand to the trial court for further proceedings.
Affirmed in part, reversed in part, and remanded.
POLEN, C.J., and STONE, J., concur.
NOTES
[1] Neither party raised the applicability of section 57.105(1), Florida Statutes (2000). The 1999 amendments to that statute became effective in October 1999, and broadened the application of the statute. See Moakley v. Smallwood, 27 Fla. L. Weekly S357, S360 n. 1, ___ So.2d ___. ___ n.1, 2002 WL 276466 (Fla. Feb. 28, 2002). An interesting question not presented in this appeal is whether the "inequitable conduct doctrine" will be rendered obsolete by section 57.105, as amended. The supreme court observed in Moakley that "if a specific statute or rule applies, the trial court should rely on the applicable rule or statute rather than on inherent authority." Id. at S359, at ___. Subsections (1) and (3) of section 57.105 appear to cover situations involving litigation abuse that fall short of the bad faith conduct required to trigger the "inequitable conduct doctrine."