PER CURIAM.
Appellant, the former husband, appeals a final judgment of dissolution of marriage and raises four issues on appeal, only one *662 of which warrants reversal and remand. Although we reject Appellant’s argument that the trial court erred in determining that Appellee, the former wife, was entitled to attorney’s fees, we agree that the trial court, which found that the hourly rate and number of hours claimed by Ap-pellee’s attorney were reasonable, erred in awarding fees and costs without conducting a hearing and giving Appellant the opportunity to dispute the reasonableness of the attorney’s hourly rate and time claimed. See Giovanini v. Giovanini, 89 So.3d 280, 282 (Fla. 1st DCA 2012) (noting in part that absent a stipulation, a party seeking attorney’s fees must prove with evidence at an evidentiary hearing the reasonableness of the fee sought); Duncan v. Duncan, 642 So.2d 1167, 1169 (Fla. 4th DCA 1994) (holding that the trial court erroneously awarded temporary attorney’s fees and costs without determining that the amounts sought were reasonable and without giving the appellant an opportunity to challenge their reasonableness); Broyles v. Broyles, 573 So.2d 357, 361 (Fla. 5th DCA 1990) (noting that a trial court must give notice to a party against whom an attorney’s fee award will be made and afford an opportunity to review and rebut the reasonableness of any amount claimed).
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.
LEWIS, C.J., MARSTILLER and OSTERHAUS, JJ„ concur.