# Third District Court of Appeal

## State of Florida

Opinion filed June 17, 2015.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D14-98
Lower Tribunal No. 10-3425

————————————

**Richard Goldman, et. al.,**
Appellants,

vs.

**The Estate of Aaron Goldman,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Michael A. Genden, Judge.

Michael J. Schlesinger, Lori A. Sochin and Andrew W. Abel; Greenberg Traurig, P.A., Julissa Rodriguez, Ronald M. Rosengarten and Jay A. Yagoda, for appellants.

Pollack, Pollack, & Kogan, LLC, Gary W. Pollack and Lyudmila Kogan; Carlton Fields Jordan Burt, P.A., and Jack Reiter, for appellee.

Before SALTER, FERNANDEZ and LOGUE, JJ.

FERNANDEZ, J.

Richard Goldman, Kenneth Goldman, Mitchel Goldman, Ethan Goldman, and Andrea Carless appeal the trial court's order awarding attorney's fees and

costs in favor of appellee, Jonathan Lewin.[1] We reverse the order without prejudice because the trial court, under its inherent authority to award attorney's fees and costs, failed to make bad faith findings.

In the fall of 2007, Attorney Liz Consuegra appeared as court-appointed Guardian Ad Litem for Aaron Goldman in his guardianship proceedings. During the proceedings, Consuegra reviewed the guardianship file, which contained Goldman's confidential financial and medical information. The file was placed in the hands of Consuegra, who signed a Stipulation of Confidentiality regarding her copy of the guardianship file.

On March 17, 2008, the trial court found that the file was confidential. On September 15, 2010, Consuegra inadvertently sent the guardianship file to Paul Cowan, who was Richard Goldman's new attorney. Cowan subsequently issued ten subpoenas to financial institutions requesting information regarding Goldman's accounts. On September 28, 2010, Cowan filed a petition seeking the court's permission to review the confidential guardianship file.

Lewin then moved for the imposition of sanctions against the appellants, contending that they had obtained confidential information from the guardianship file in violation of the trial court's confidentiality order. The trial court held a hearing regarding sanctions and concluded that Consuegra sent the file

---

[1] Appellants are the nephews and niece of Aaron Goldman.

2

inadvertently and not in bad faith. The trial court determined that imposition of sanctions against the appellants was appropriate, but made no findings supporting bad faith conduct as to Cowan or the appellants. The trial court imposed sanctions upon the appellants.

The primary issue in this case is whether the trial court abused its discretion when it awarded attorney's fees and costs as a sanction against a litigant, under its inherent authority to do so, where it did not make an express finding of bad faith conduct. We do not address any of the other issues on appeal, and conclude that the trial court abused its discretion.

We review a trial court's decision to impose sanctions for bad faith conduct for abuse of discretion. Boca Burger, Inc. v. Forum, 912 So. 2d 561, 573 (Fla. 2005). In Moakley v. Smallwood, 826 So. 2d 221, 226 (Fla. 2002), the Florida Supreme Court held that a trial court has "the inherent authority to impose attorneys' fees against an attorney for bad faith conduct." However, this sanction must be based on "an express finding of bad faith conduct and must be supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys' fees." Id. at 227. Moreover, the "amount of the award of attorneys' fees must be directly related to the attorneys' fees and costs that the opposing party has incurred as a result of the specific bad faith conduct of the attorney," and this sanction "is appropriate only after notice

3

and an opportunity to be heard - including the opportunity to present witnesses and other evidence." Id. The Florida Supreme Court has also noted that nothing limits the application of this inherent authority "to a party rather than the party's attorney." Id. at 224.

The appellants argue that the trial court did not comply with Moakley because neither the sanctions order nor the entitlement to fees and costs order contain any express finding of bad faith conduct or provide detailed factual findings describing specific acts of bad faith. As support for this argument, appellants further point to the trial court's finding that the disclosure of the guardianship file was inadvertent and accidental, and the fact that the trial court did not sanction either of the attorneys involved in the disclosure and use of that material.

However, Lewin contends that Moakley only requires a finding of bad faith when the award of attorney's fees is against counsel, rather than against a party. Lewin points to language in Moakley expressing a concern for "ensuring that attorneys will not be deterred from pursuing lawful claims, issues, or defenses on behalf of their clients," Id. at 226-27, as support for his argument. We disagree. As the Fourth District Court of Appeal held in T/F Systems, Inc. v. Malt, 814 So. 2d 511, 513 (Fla. 4th DCA 2002), "[a]lthough Moakley involved the imposition of fees against an attorney, the procedures described in the case are equally applicable

4

to the assessment of fees against a party." Thus, the trial court's failure to make specific findings regarding bad faith conduct as to each party or attorney against sanctions are to be imposed requires reversal. We therefore reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.