# Third District Court of Appeal

## State of Florida

Opinion filed May 12, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-116
Lower Tribunal Nos. 19-5165SP and 20-104AP
_____

**United Automobile Insurance Company**,
Appellant,

vs.

**Professional Medical Group, Inc.,
a/a/o Maria Lourdes Barrios,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Michael J. Neimand, for appellant.

Feiler & Leach, P.L., and Martin E. Leach, for appellee.

Before FERNANDEZ, HENDON, and BOKOR, JJ.

FERNANDEZ, J.

United Automobile Insurance Company ("United Auto") appeals a county court order awarding attorney's fees in favor of Professional Medical Group, Inc. ("Professional"). Because the county court failed to conduct an evidentiary hearing on the reasonableness of attorney's fees, we reverse the order and remand for the court to conduct an evidentiary hearing.

On July 26, 2019, the county court entered an order dismissing the action between the parties after a settlement was reached in favor of Professional. The trial court retained jurisdiction to assess attorney's fees and costs. Professional timely filed a motion for attorney's fees and costs. On August 30, 2019, the trial court entered an Interim Case Management Order ("First Interim Order"), requiring the parties to file affidavits pertaining to the reasonableness of attorney's fees. The parties ultimately complied with the order.

On October 11, 2019, United Auto moved for an evidentiary hearing on the reasonableness of attorney's fees. On January 27, 2020, the trial court entered its second Interim Case Management Order ("Second Interim Order") that canceled an already scheduled evidentiary hearing, denied United Auto's motion for an evidentiary hearing, and provided a list of discovery procedures the parties may employ at their discretion. Neither party filed anything in conjunction with the discovery procedure, and the trial

2

court never held an evidentiary hearing. On May 4, 2020, the trial court entered a final judgment on attorney's fees. United Auto timely appealed.

By definition, discovery precedes a trial or an evidentiary hearing. Furthermore, Florida law does not permit a trial court to substitute discovery procedures for an evidentiary hearing on unliquidated damages. See Sperdute v. Household Realty Corp., 585 So. 2d 1168, 1169 (Fla. 4th DCA 1991) ("Neither the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing. Since the purpose of an evidentiary hearing is to allow a party to 'have a fair opportunity to contest' the factual issues, this purpose is not effectuated if a party is not allowed to testify."); see also Newman v. Newman, 121 So. 3d 661, 662 (Fla. 1st DCA 2013) ("[W]e agree that the trial court . . . erred in awarding fees and costs without conducting a hearing and giving Appellant the opportunity to dispute the reasonableness of the attorney's hourly rate and time claimed."); Guyton v. Leonard Dewey Wilkinson Action Welding Supply, Inc., 707 So. 2d 885, 886 (Fla. 1st DCA 1998) ("Appellant is entitled to an evidentiary hearing as to the reasonableness of the amount of fees."); Roggemann v. Boston Safe Deposit & Trust Co., 670 So. 2d 1073, 1075 (Fla. 4th DCA 1996) ("A 'reasonable attorney's fee' is an unliquidated item of damages because testimony must be taken to ascertain facts upon which a judge or jury can

3

base a value judgment. A trial is necessary to establish unliquidated damages."); Castranova v. Auth, 590 So. 2d 28, 29 (Fla. 5th DCA 1991) ("Now it must be done in accordance with Rowe, by having a complete evidentiary hearing and entering an order with specific findings.").

Professional argues that United Auto waived its right to an evidentiary hearing by failing to file anything pursuant to the Second Interim Order. This argument is without merit. United Auto requested an evidentiary hearing before the Second Interim Order was entered, and the motion was unequivocally denied. "By requesting that the court hold an evidentiary hearing on the issue of attorney's fees, appellant[ ] preserved [its] right to a hearing." Petrovsky v. HSBC Bank, USA, 185 So. 3d 700, 702 (Fla. 4th DCA 2016). The outcome of this appeal would have been different if the interim order for discovery was in preparation for an evidentiary hearing, but instead, the trial court improperly substituted discovery procedures for a mandatory evidentiary hearing in violation of due process.

Accordingly, we reverse the county court's order awarding attorney's fees without an evidentiary hearing and remand with instructions to conduct an evidentiary hearing on the reasonableness of attorney's fees.

Reversed and remanded.