# Third District Court of Appeal

## State of Florida

Opinion filed August 10, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0988
Lower Tribunal No. 16-1219
_____


**The Shir Law Group, P.A., et al.,**
Appellants,

vs.

**Dario Carnevale, et al.,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

ADR Miami, LLC, and Juan Ramirez, Jr.; Robert E. Menje, PLLC, and Robert E. Menje (Okeechobee), for appellants.

Dario Carnevale and Flavia Carnevale, in proper persons.


Before LOGUE, LINDSEY, and GORDO, JJ.

PER CURIAM.

Appellants, The Shir Law Group, P.A.; Guy M. Shir; Stuart J. Zoberg; ZTJ Recovery, Inc.; and Jodi Shir (the "Shir Defendants"), appeal an order imposing attorneys' fees in the amount of $17,150 against them as a sanction. Because the trial court did not provide adequate notice and an opportunity for an evidentiary hearing prior to entering its sanction order, we reverse.

## I.     BACKGROUND

In May of 2019, the Shir Defendants filed a "Motion for An Order to Show Cause Why Javier A. Lopez, Esq. Should Not Be Held in Indirect Criminal Contempt for His Acts and Violations of a Confidentiality Order." Specifically, the Shir Defendants alleged Mr. Lopez disclosed the contents of confidential settlement agreements in violation of a court order.

In response, almost two years later, in January of 2021, Flavia Carnevale and Dario Carnevale (the "Carnevales") filed a "Cross Motion for Sanctions Against Robert Menje for Litigation Misconduct, Order to Conduct Himself in a Civil and Professional Manner, and Referral to the Florida Bar."[1] Four days later, the trial court conducted a hearing on the two motions. In denying both motions, the trial court made the following findings:

---

[1] Mr. Lopez represents the Carnevales, and Mr. Menje represents the Shir Defendants. Mr. Lopez claims he did not move for sanctions pursuant to section 57.105, Florida Statutes.

2

The evidence that has been presented to the Court show[s] that the Shir Lawyers and the co-litigants and all their lawyers disclosed the information in the public record prior to Mr. Lopez doing so.

. . . .

There is no way that a court can find that someone should be held in contempt for -- I'm sorry, held in indirect criminal contempt when there was no violation of any court order.

There was no violation of any court order in this case, and while I understand that the parties, the litigants themselves, the attorneys in this case are very passionate about the issue, at the end of the day, we are all human beings first and we owe each other a certain level of respect. If we cannot act with respect, then it's not just our profession, but humanity overall that loses. It's not okay.

The motion will be denied, as well as the cross-motion for sanctions against Mr. Menje.

. . . .

In denying the motion for the order to show cause, I am finding that the motion should have been withdrawn as it is absolutely clear on its face that there was no violation, as there could not have been a violation when something was already public.

We have spent a lot of time on this issue and the Court will find that because the motion was not based in any -- it was not supported by any law or by any factual allegations, the Court will find that the Shir defendants -- and I know that everyone is familiar with who that means -- the Shir defendants will be required to pay Mr. Lopez attorney's fees in connection with the defense of this motion and the presentation for today.

. . . .

3

. . . But in any event, at that point, I'm allowing -- I'm granting fees because at that point it became clear, this was not an issue of legal. This was an issue of personalities and that's just not acceptable.

So the Court will grant Mr. Lopez 10 hours -- 14 hours for his time at a rate of 675, and 14 hours for Mr. Criste's time at the rate of 550, and that will be to the Shir defendants.[2]

The trial court's order entered on March 21, 2021, reads, in pertinent

part:

The evidence presented to the Court illustrates that the Shir Defendants had violated the Honorable Judge Bronwyn Miller's May 4, 2015 Confidentiality Order which stated in part, "The restrictions set forth in any of the preceding paragraphs shall not apply, on the Court's finding, as to any information that: . . . becomes published or in the public domain through actions not attributable to the receiving party." May 4, 2015 Order at Paragraph 6(d). Because the Shir Defendants had already disclosed the information they seek to impute upon Mr. Lopez' alleged violation of the Confidentiality Order, it is clear that the Defense should have withdrawn the Show Cause Motion.

The Shir Defendants are ordered to pay, as a sanction, for 14 hours of Mr. Lopez's time at a rate of $675.00 an hour, and 14 hours of Mr. Criste's time at a rate of $550.00 an hour (a total amount of $17,150.00), within 30 days from the date of this Order.

This sanction is entered because the Court specifically finds that the Shir Defendants caused the unnecessary litigation of the Show Cause Motion.

---

[2] Mr. Lopez requested this amount, and stated, "[o]ur firm has probably spent about 50 hours on this, but what I was asking for was 10 hours of my time and 10 hours of John Criste's time, and today we have been on since noon, so we're at four hours, so that's 14 and 14. My billable rate is 675 and John Criste's rate is 550."

This appeal followed.

## II.  STANDARD OF REVIEW

A trial court's imposition of sanctions for bad faith conduct is reviewed for abuse of discretion.  Goldman v. Est. of Goldman, 166 So. 3d 927, 929 (Fla. 3d DCA 2015) (citing Boca Burger, Inc. v. Forum, 912 So. 2d 561, 573 (Fla. 2005)).  Discretion is abused where no reasonable man would take the view adopted by the trial court.  Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) (quoting Delno v. Mkt. St. Ry. Co., 124 F.2d 965, 967 (9th Cir. 1942)).  To the extent the trial court's ruling was based on its interpretation of the law, the Court reviews the issue de novo.  Diaz v. Kasinsky, 306 So. 3d 1065, 1067 (Fla. 3d DCA 2020).

## III.  ANALYSIS

The Shir Defendants argue the trial court failed to hold an evidentiary hearing prior to concluding that an attorneys' fee award was warranted and that the trial court erred in its calculation of attorneys' fees.

A trial court possesses the inherent authority to impose attorneys' fees against an attorney for bad faith conduct.  Moakley v. Smallwood, 826 So. 2d 221, 226 (Fla. 2002).  "The inherent authority of the trial court, like the power of contempt, carries with it the obligation of restrained use and due process."  Id. at 226-27.  Accordingly, the trial court must make express

5

findings of bad faith and provide the attorney notice and an opportunity to be heard before imposing the attorneys' fees. Id. at 227. "[T]he amount of the award of attorneys' fees must be directly related to the attorneys' fees and costs that the opposing party has incurred as a result of the specific bad faith conduct of the attorney. Id. "Finally, if a specific statute or rule applies, the trial court should rely on the applicable rule or statute rather than on inherent authority." Id. (citing Chambers v. Nasco, Inc., 501 U.S. 32, 50 (1991) ("Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent authority.")).

Here, at the conclusion of the January 2021 hearing, the trial court denied both motions for sanctions. And, on its own initiative, the trial court stated that "the Court will find that the Shir defendants . . . will be required to pay Mr. Lopez attorney's fees in connection with the defense of this motion and the presentation for today."

Then, in March of 2021, the trial court entered a written order sanctioning the Shir Defendants and directing them to pay $17,150.00 in

attorneys' fees as a sanction within 30 days.[3]  In the order, the trial court explained that its "sanction [was] entered" based on the "specific[] find[ing] that the Shir Defendants caused the unnecessary litigation of the" contempt motion.  In other words, while both sides moved to sanction each other's counsel, the trial court, on its own initiative sanctioned the Shir Defendants.

As stated above, although the trial court possesses the inherent authority to impose attorneys' fees for bad faith conduct, the trial court must provide notice and an opportunity to be heard and present evidence prior to entering the sanction.  See Moakley, 826 So. 2d at 226-27.  The trial court's failure to allow notice and a hearing prior to entering the sanction order is violative of the Shir Defendants' due process rights.  See id. at 227 (explaining that the inherent authority of the trial court carries with it the obligation of restrained use and due process); see also Davidson v. Ramirez, 970 So. 2d 855 (Fla. 3d DCA 2007) (reversing trial court's sanction of attorneys' fees where adequate notice was not given prior to entering the sanction.); Santini v. Cleveland Clinic Fla., 65 So. 3d 22, 36 (Fla. 4th DCA 2011) (explaining that the trial court was required, as a matter of due process, to hold a full evidentiary hearing prior to imposing sanctions).

---

[3] Notably, the trial court issued sanctions against the Shir Defendants, not Mr. Menje.

7

## IV.   CONCLUSION

Accordingly, because the trial court did not provide notice and an opportunity for an evidentiary hearing prior to entering its sanction order, we reverse.  See Moakley, 826 So. 2d at 226-27.  As such, we need not opine on the sufficiency of the trial court's findings or the calculation of the award of attorneys' fees.

Reversed and remanded.