# Third District Court of Appeal

## State of Florida

Opinion filed December 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0361
Lower Tribunal No. 23-7605-MH-02
_____

**Daniel Miguel**,
Appellant,

vs.

**In re: Sonia Miguel, etc.**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Dieguez & Associates, PLLC, and Anthony Dieguez and Rebekah E. Guerrero, for appellant.

Paul M. Cowan & Associates, P.A., and Paul M. Cowan and Manuel A. Celaya, for appellee.

Before SCALES, C.J., and MILLER and LOBREE, JJ.

SCALES, C.J.

In this case related to the guardianship of Sonia Miguel,[1] appellant Daniel Miguel appeals a January 15, 2025 order awarding, as a sanction, attorney's fees in the amount of $31,046.00 payable to counsel for his brother Jorge Miguel; and $5,250 payable to an expert witness (the "Sanction Order"). Because the guardianship court did not conduct an evidentiary hearing before exercising its inherent authority to sanction Daniel Miguel for the presumed bad faith of his counsel, we reverse.

Seeking to determine the whereabouts of his mother Sonia, Daniel Miguel, on December 13, 2023, filed an emergency motion in the guardianship court. At a December 28, 2023 hearing on the emergency motion, the guardianship court determined that the motion was not an emergency, and that Daniel Miguel had sought relief the guardianship court had no jurisdiction to grant at that point. The guardianship court entered a post-hearing order on January 22, 2024, memorializing its observations at the emergency hearing and reserving jurisdiction to impose sanctions upon the filing of a motion by counsel for Jorge Miguel. Four days later, Jorge

---

[1] The nominal appellee in this case is Sonia Miguel, an alleged incapacitated person. Our record indicates that, after the events from which this appeal arises, the trial court determined that Sonia Miguel is incapacitated and appointed a limited guardian. Jorge Miguel is an interested non-party to this appeal.

Miguel filed a motion seeking attorney's fees and costs in the amount of $10,411.50. Daniel Miguel responded to this motion merely by calling it "premature."

Approximately a year later, on January 9, 2025, the guardianship court conducted a hearing on the sanctions motion, which Jorge Miguel by then had supplemented to seek additional fees for his counsel's legal work during the previous year, including an award of fees on fees. Subsequently, the guardianship court found in favor of Jorge Miguel and entered the Sanction Order.

Daniel Miguel timely appealed the Sanction Order, arguing that he was entitled to an evidentiary hearing as to whether he filed the emergency motion in bad faith. We have jurisdiction. See Fla. R. App. P. 9.170(b)(23) (providing appellate jurisdiction to review a guardianship court order that "grant[s] an award of attorneys' fees or costs").

A trial court may exercise inherent authority to impose an attorney's fee sanction for bad faith litigation conduct. Moakley v. Smallwood, 826 So. 2d 221, 226 (Fla. 2002). With the exercise of inherent authority comes a due process obligation. Id. at 227 ("[W]e conclude that the trial court's exercise of the inherent authority to assess attorney's fees against an attorney must be based upon an express finding of bad faith conduct and must be

3

supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys' fees. . . . Moreover, such a sanction is appropriate only after notice and an opportunity to be heard – including the opportunity to present witnesses and other evidence."); Goldman v. Est. of Goldman, 166 So. 3d 927, 929 (Fla. 3d DCA 2015). This due process obligation applies as well to probate and guardianship proceedings. See Buechele v. In re: Est. of Buechele, 366 So. 3d 1165, 1169 (Fla. 3d DCA 2023).

Both the guardianship court's January 22, 2024 order and the Sanction Order make what amounts to bad faith findings, but these findings proceed from the arguments of counsel at the emergency hearing. The guardianship court was required to take the additional step of noticing and conducting an evidentiary hearing on Daniel Miguel and his counsel's purported bad faith filing before imposing a sanction, if any.[2]

Reversed and remanded.

---

[2] We express no opinion as to whether Daniel Miguel's counsel filed the emergency motion in bad faith.